# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**SHAYLA HOOKS,**  **PLAINTIFF**
d/b/a Hooks Construction, LLC

v.  Case No. 4:24-cv-00252-LPR

**WARD REESE, Code Enforcement;**
**MARY BETH MILLER, Finance Manager**  **DEFENDANTS**

## ORDER

Plaintiff Shayla Hooks paid the filing fee and initiated this *pro se* lawsuit on March 18, 2024.[1] Summonses were not issued.[2] Ms. Hooks sues Ward Reese and Mary Beth Miller alleging they "lied on paper and it affected [her] winning/losing a contract of $274,000."[3] The nature of the contract is unknown. The Complaint is entirely conclusory. It alleges no specific facts. Most importantly for present purposes, it does not allege sufficient facts to plausibly suggest that the Court has jurisdiction over the case.

"In every federal case, the threshold requirement is jurisdiction because federal courts are courts of limited jurisdiction."[4] If the Court lacks subject-matter jurisdiction over a case, then the complaint must be dismissed in its entirety.[5] Generally speaking, the Court's subject-matter jurisdiction over a case must be based on either federal question jurisdiction or diversity

---

[1] Compl. (Doc. 1).

[2] *Id*.

[3] *Id*. at 4.

[4] *Wagstaff & Cartmell, LLP v. Lewis*, 40 F.4th 830, 838 (8th Cir. 2022) (internal quotation marks omitted).

[5] FED. R. CIV. P. 12(h)(3).

jurisdiction.[6]  This is such an important prerequisite to the exercise of a federal court's power that the Court is required to examine the issue *sua sponte* if it has concerns.[7]

Diversity jurisdiction exists if the dispute is between "citizens of different states" and the amount in controversy exceeds $75,000.[8]  Although Ms. Hooks seeks a sum that meets the amount-in-controversy requirement ($275,000), all of the parties appear to be Arkansans.  So the Court does not have diversity jurisdiction.

Federal question jurisdiction exists if the case arises "under the Constitution, laws, or treaties of the United States."[9]  Ms. Hooks does not rely on, or cite to, any federal law in her Complaint.  Instead, Ms. Hooks alleges that the Defendants interfered with her ability to secure a contract – a claim that seemingly arises under Arkansas (not federal) law.  Based on the allegations in the Complaint as it is currently pled, the Court concludes that it lacks subject matter jurisdiction over this action.

Ms. Hooks notes that Mr. Reese works with "code enforcement" and that Ms. Miller is a "finance manager."[10]  So, it is possible that Ms. Hooks may be attempting to assert a claim pursuant to 42 U.S.C. § 1983.  The Court just doesn't have enough information to know if that is what Ms. Hooks is trying to do.  To state a claim for relief under § 1983, the complaint must allege sufficient facts (the who, what, when, where, and how) to plausibly suggest that a person acting under the color of state law deprived the plaintiff of a constitutional right or a federally protected statutory right.[11]  The plaintiff's factual allegations must be sufficient to "raise a right to relief

---

[6] *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006); 28 U.S.C. §§ 1331 (federal question) & 1332 (diversity).

[7] *Thigulla v. Jaddou*, 94 F.4th 770, 773 (8th Cir. 2024).

[8] 28 U.S.C. § 1332.

[9] 28 U.S.C. § 1331.

[10] Compl. (Doc. 1) at 2.

[11] *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999).  If Ms. Hooks intends to assert one or more § 1983

above the speculative level . . . ."[12]  Bare allegations void of factual enhancement are insufficient to state a claim for relief under § 1983.[13]

Ms. Hooks will be given thirty (30) days from the date of this Order to amend her complaint.  To avoid dismissal, Ms. Hooks's amended complaint must give both the Court and the opposing parties fair notice of what the claim is and how exactly the Defendants were involved.  Ms. Hooks must name each Defendant, identify specifically how that Defendant violated her rights, and provide a far fuller description of the events supporting her claims – the who, what, when, where, and how discussed above.[14]  Most importantly, the amended complaint needs to show how the Court has jurisdiction over this case.

Failure to timely amend her complaint will result in the dismissal of this lawsuit for lack of jurisdiction.

IT IS SO ORDERED this 27th day of March 2024.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

claims, she should be aware that "[l]iability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights."  *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990).  "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010) (alteration in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)).

[12] *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007).

[13] *See Iqbal*, 556 U.S. at 678.

[14] *Id.*